ALBANY,
Feb. 1839.

LUSK *vs.* HASTINGS.

Lusk
v.
Hastings.

Where there is a general verdict upon inconsistent counts and a motion in arrest be made, leave will not be granted to amend the *postea* by applying the verdict to one set of counts only, although the circuit judge certifies that the evidence was applicable to all the counts, and would have warranted a verdict upon the counts to which it is sought to be applied.

A *venire de novo* will not be granted in such case on the motion in arrest.

THE declaration in this case contained three counts : the *first* and *second* in *trespass* and the *third* in *case.* The cause was tried and the jury rendered a *general verdict* for the plaintiff for $250. The defendant moved *in arrest of judgment,* and succeeded in his motion. The entry made in the minutes of the court was, "judgment reversed" instead of *judgment arrested.* The plaintiff produced a *certificate* of the circuit judge, that evidence was given by the plaintiff applicable to *either* of the *three counts ;* and that the testimony given under the *third count* was in his (the judge's) judgment, applicable also to the *second count,* and would have justified the jury in giving the verdict which they rendered on the *second count,* instead of a general verdict on the whole record. Upon this certificate, the plaintiff moved that the rule or order of the court entered on the decision of the motion in arrest be vacated, that the motion be re-argued, that the plaintiff have leave to strike out the third count of the declaration and apply the verdict upon the first and second counts, or for such other and further relief as to the court should seem meet.

*W. Tracy,* for the plaintiff, insisted that the plaintiff should have leave to strike out the third count, and to apply the verdict to the first and second counts, as by so doing the *inconsistency* of the counts would no longer exist. Where there is a *general verdict* upon counts, some *good* and some *bad,* upon producing a certificate of the circuit judge, that the evidence given on the trial applied *as well* to the *good* as to the *bad* counts, a plaintiff is permitted to amend the

Feb. 1839.

*postea* on payment of the costs of the motion in arrest. 1 Caines, 392. 1 Johns. R. 505. 12 Wendell, 135. Here the judge certifies that the evidence was applicable to *either* of the counts, and that the testimony given under the *third* count was in his judgment applicable also to the *second count* and would have warranted a verdict upon that count. A general verdict upon *misjoined counts* presents in principle the same question as a joinder of *good* and *bad* counts, and should receive the same determination. At all events, a *venire de novo* should be awarded, as was suggested by Buller, J. in the case of *Eddowes v. Hopkins*, 1 Doug. 376, on payment of costs.

*J. Holmes & J. A. Spencer,* contra.

*By the Court,* NELSON, Ch. J. I am satisfied that we cannot amend the verdict by the judge's certificate. He certifies *that the proof was applicable to the three counts,* and that *it would have justified a verdict upon the second count.* The latter clause, I think, is carried beyond the province of a certificate ; it belonged to the jury to say whether the *second count* was supported by the evidence. As to the first branch of the certificate, *that the proof was applicable to all the counts,* how can we determine from this certificate that the damages given were confined to any particular count. In *Knightly v. Beach,* 2 Maule & Sel. 533, there was no difficulty in this respect, as there were *distinct verdicts* on *each class of counts.* In *Eddowes* v. *Hopkins,* 1 Douglas, 376, it clearly appeared that the evidence applied *only* to the count upon which the plaintiff asked judgment, and Buller, J. expressly put his decision upon that ground, saying that if there was *any* evidence which applied to the *inconsistent* count, the *postea* could not be amended. Such also is the principle of the cases of *Williams* v. *Breeden,* 1 Bos. & Pul. 330, and *Harris* v. *Davis,* 1 Chitty's R. 619, n.

This case is not like one where the counts are *consistent,* although some be *bad.* In such case, if it appear that the evidence was applicable to the good *as well* as to the bad counts, there can be no harm in sustaining the verdict,

though general.   The good count is enough to warrant it; <span>ALBANY,</span>
but in the case of inconsistent counts, we cannot say but that <span>Feb. 1839.</span>
the verdict is compounded of damages under all the counts. <span>Luther</span>
Each class of counts is good, though inconsistent, and the jury <span>v.</span>
may have taken into the estimate evidence that might support <span>Deyo.</span>
distinct and different actions.   Suppose counts in *case* and
*assumpsit* and evidence given applicable to both as certified
by the judge here would it be pretended for a moment that a
general verdict in such a case could stand.   The misjoinder in
the present case may not present the objection against amend-
ment as strongly as in the case supposed, but it is the same in
principle.

It is not usual to allow a *venire de novo* on a motion in arrest,
and I do not perceive a sufficient reason, for making this case
an exception.

Motion denied.